380 So.2d 432 (1980)
Nolan HURT and Florence Hurt, His Wife, Petitioners,
v.
LEATHERBY INSURANCE COMPANY, and Eugene Roberson, Respondents.
No. 53462.
Supreme Court of Florida.
February 14, 1980.
Andrew A. Graham and Frank R. Pound, Jr. of Lovering, Pound & Lober, Cocoa, for petitioners.
Robert A. Wohn, Jr. of Smalbein, Eubank, Johnson, Rosier & Bussey, Rockledge, for respondents.
*433 ADKINS, Justice.
This cause is before us by petition for a writ of certiorari to review a decision which certified to this Court a question of great public interest. Hurt v. Leatherby Insurance Co., 354 So.2d 918 (Fla.4th DCA 1978). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The district court answered the following question in the affirmative:
Is a general release containing the following phase "... and any other person, corporation, association or partnership, which might be charged with responsibilities for injury to the persons or property" sufficient to release joint tortfeasors not specifically named in the release?
The factual basis for this action is a familiar one. Plaintiff was a passenger in a car which collided with another vehicle. Pursuant to a settlement in his personal injury suit, plaintiff gave a release which specifically named the parties to that suit, i.e., the other car's driver, owner, and the owner's insurance company. The release also contained a clause extending it to "any other person, corporation, association or partnership which might be charged with responsibility." Plaintiff then filed suit against the driver of the car in which plaintiff had been riding at the time of the accident. The trial court granted summary judgment in favor of the defendant-driver and his insurance company on the basis of the release. The Fourth District Court of Appeal affirmed the trial court, with retired Justice Drew dissenting.
In order to promote settlements, Florida has abolished the common law fule that a release of one tortfeasor discharges all other tortfeasors who might be liable for that tort. Sun First National Bank of Melbourne v. Batchelor, 321 So.2d 73 (Fla. 1975); § 768.041(1) Fla. Stat. (1977). The Uniform Contribution Among Joint Tortfeasors Act also abrogates the common law rule: "When a release ... is given in good faith to one of two or more persons liable in tort for the same injury ... (a) It does not discharge any of the other tortfeasors from liability ... unless its terms so provice... ." § 768.31(5) Fla. Stat. (1977). Clearly there is no prohibition against a general release in section 768.041(1), Florida Statutes (1977). Indeed, the Uniform Act expressly authorizes discharge of all possible tortfeasors as long as the "terms" of the release "so provide." § 768.31(5)(a), Fla. Stat. (1977). Thus, as long as the parties express their intent to discharge all possible tortfeasors, they are free to do so. We need not decide whether a release which runs to a named tortfeasor plus all others also discharges the latter from liability for contribution. § 768.31(5)(b) Fla. Stat. (1977).
Discharge of all potential defendants may have far-reaching consequences for an injured plaintiff. As such, it is important that the releasor's intent to give a general release be clearly expressed. As with contracts generally, the language used in the release is the best evidence of the parties' intent. When that language is clear and unambiguous, the courts cannot indulge in construction or interpretation of its plain meaning. Boat Town USA v. Mercury Marine Div. of Brunswick Corp., 364 So.2d 15 (Fla.4th DCA 1978). Respondent argues that the instant general release is clear and unambiguous on its face and must be given effect as such. The district court agreed and also stated that had plaintiff intended to limit the release to the named parties, he could have deleted the all-inclusive language.
This release is a printed form with blanks left for the names of those specifically discharged. The printed general release clause immediately follows those blanks. Petitioner argues that the use of such general release clauses originated to protect those persons in privity with the named parties. See Albert's Shoes v. Crabtree Construction Co., 89 So.2d 491 (Fla. 1956). This was necessary prior to Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969), which authorized the joinder of insurance companies. Under this theory, the all-inclusive language was routinely included in printed releases as "boilerplate", and may not reflect *434 the intent of the parties. See Quarterman v. City of Jacksonville, 347 So.2d 1036, 1039 (Fla.1st DCA 1977).
We agree with the petitioner. The common law rule was abolished in part to avoid imposing the harsh consequences of a general release upon often unsuspecting plaintiffs. McKenna v. Austin, 77 U.S.App.D.C. 228, 134 F.2d 659 (D.C. Cir.1943); see Prosser, The Law of Torts, § 49 Release at 304 (4th Ed. 1971). Florida has not gone to the other extreme of allowing discharge of only those specifically named. Young v. State, 455 P.2d 889 (Alaska 1969); cf. Sage v. Hale, 75 Misc.2d 256, 347 N.Y.S.2d 416 (1973) (release must expressly designate by name or otherwise specifically describe or identify those tortfeasors discharged by that document). Instead, our legislature has sought a middle ground based on the intent of the parties. We feel that the manifestation of intent must be more explicit than signing a printed form which happens to contain broad, general release language in addition to providing spaces for the specifically discharged parties.
The presence of the two types of release, one printed and one written, within a single form creates at least a latent ambiguity. Morton v. Morton, 307 So.2d 835 (Fla.3d DCA 1975). Generally, ambiguities are construed against the drafter of the instrument. Sol Walker & Co. v. Seaboard Coastline R.R. Co., 362 So.2d 45 (Fla.2d DCA 1978). Another basic rule is that where written and printed provisions conflict, the written terms ordinarily prevail. MacIntyre v. Green's Pool Service, Inc., 347 So.2d 1081 (Fla.3d DCA 1977). However, we feel that the better rule in these particular circumstances is to allow extrinsic evidence of the parties' intent. Morton v. Morton, supra.
In sum, we hold that whether a general printed release is effective to discharge other than specifically named tortfeasors is a question of fact. The decision of the district court is quashed and the cause remanded with instructions to reverse the summary judgment and further remand same to the trial court for further proceedings consistent with this opinion.
It is so ordered.
ENGLAND, C.J., and OVERTON, SUNDBERG and McDONALD, JJ., concur.
BOYD, J., dissents.