GRIMES, Judge.
This case involves a dispute between a contractor and an electrical subcontractor on a school construction project.
Concrete Systems, Inc., entered into a contract with Highlands County School Board to perform certain school construction work. The contract called for a completion date of August 23, 1978, and contained a $250 per day liquidated damage clause for delay in finishing the project. The work was actually completed on November 7,1978. The school board sought to recover liquidated damages for the delay, and the matter was taken to arbitration pursuant to the contract. The arbitrator extended the final completion date of the project to October 26, 1978. Consequently, the school board deducted from its payment to Concrete Systems $3,000 for the twelve-day delay beyond October 26, 1978.
*633 Concrete Systems attributed the delay to the failure of one of its subcontractors, Florida Electric Company of Orlando, to timely furnish and install the lighting. Therefore, Concrete Systems withheld a portion of its payment due Florida Electric under the lighting subcontract. Florida Electric sued Concrete Systems for $17,-569.35, representing the unpaid balance of the contract. Thereafter, the court entered a partial summary judgment in favor of Florida Electric for $13,159.68, an amount which was then indisputably owing under the subcontract. Of the remaining $4,409.67 in issue, $3,000 represented the penalty for delay and the balance consisted of certain payments made by Concrete Systems for services which were allegedly the responsibility of Florida Electric. Following the final hearing, the court entered judgment for Florida Electric for $3,000 plus interest, attorney’s fees and costs.
On appeal, Concrete Systems contends that the court should have also credited against Florida Electric’s account the $3,000 penalty assessed by the Highlands County School Board. We agree. The evidence indisputably shows that the delay in completion from October 26,1978, to November 7, 1978, was entirely due to Florida Electric’s delay in furnishing the lighting. Florida Electric was not bound by the arbitration award, as such, because it was not a party to the arbitration. Yet, the amount of the award, as determined, serves as the measure of Concrete System’s damages. Since Concrete Systems was penalized $3,000 for the delay, it was entitled to recover this amount from the party which caused the delay.
The court’s ruling may have resulted from a misunderstanding of certain testimony that other subcontractors also contributed to the failure to finish the project by the time of the original completion date of August 23, 1978. However, Concrete Systems was only penalized for delay beyond October 26,1978, and there is no doubt that by that date all work except that to be performed by Florida Electric had been finished.
Accordingly, we reverse the judgment and remand for the entry of a new judgment reducing Florida Electric’s substantive claim by $3,000 and, in view of this reduction, recomputing the interest and attorney’s fees.
BOARDMAN, A.C.J., and CAMPBELL, J., concur.