COWART, Judge.
This case involves the judicial construction of a written release in favor of an automobile owner and the owner's “agents” and the question of whether the release exonerated the driver of the automobile as being the owner’s agent.
*835 Appellant Ford was injured while a passenger in an automobile owned by Russo Communications, Inc. and operated by ap-pellee David Coleman. Appellant settled with the vehicle owner and its insurer and executed a release discharging from further liability Russo Communications, Inc., “its agents, servants, successors, heirs, executors and administrators.” When later sued by appellant Ford the appellee Coleman pleaded the release as an affirmative defense alleging that he was an agent of Russo Communications, Inc. and hence, discharged from liability by the release. Disputed questions of fact as to alleged fraud in the procurement, and mutual mistake in the execution, of the release were tried to a jury (which found against appellant) but the trial court construed the release as a contract and held as a matter of law that Coleman, as a permissive user of the vehicle, was the owner’s agent at the time of the accident within the meaning of the term “agent” in the release. Appellant appeals that ruling.
The dangerous instrumentality doctrine has a much broader application than the doctrine of respondeat superior in agency law, and the two doctrines are separate and independent; nevertheless, the Supreme Court of Florida has often explained that at least part of the conceptual basis for the doctrine that a vehicle owner is liable for damages and injuries caused by the negligent operation of one in possession of the owner’s automobile with the owner’s express or implied permission, knowledge and consent is predicated upon the agency concept and that such possessor is the owner’s agent at least to the extent of properly controlling the automobile and preventing damage and injuries resulting from its negligent operation and in authorizing others to use the vehicle. See generally, Castillo v. Bickley, 363 So.2d 792 (Fla.1978); Orefice v. Albert, 237 So.2d 142 (Fla.1970); Susco Car Rental System v. Leonard, 112 So.2d 832 (Fla.1959); Weber v. Porco, 100 So.2d 146 (Fla.1958); May v. Palm Beach Chemical Company, 77 So.2d 468 (Fla.1955).
Accordingly, the trial court’s construction of the release in this case so as to include the permissive driver Coleman as an agent of the vehicle owner is supported by Florida case law.
AFFIRMED.
ORFINGER, J., and POWELL, R.W., Associate Judge, concur.