PER CURIAM.
Affirmed. The only issue raised in this appeal from a summary judgment on liability is whether the appellees were *945 barred from proceeding against the appellant, the lessor-owner of a golf cart, by reason of a release given to the lessee-operator of the cart that included the “agents and assigns” of the lessee-operator. This case presents the reverse of a similar issue raised in Ford v. Coleman, 462 So.2d 834 (Fla. 5th DCA 1984), where a release executed pursuant to a settlement with a vehicle owner which included the language “agents” was held to inure to the benefit of the vehicle operator. Conversely, on the record here, we do not believe that the trial court erred in ruling that the owner-lessor was not released by inclusion of the words “agents and assigns” in the written release given to the lessee-operator. We do not believe that an owner of a vehicle is an agent of the operator in the same sense that the operator is an agent of the owner. When we consider that circumstance together with the unrebutted showing that the release was executed pursuant to a settlement with the lessee-operator only, we believe the trial court’s entry of judgment was proper.
ANSTEAD and GLICKSTEIN, JJ., and BARKETT, ROSEMARY, Associate Judge, concur.