485 So.2d 422 (1986)
Brian SHEEN, Petitioner,
v.
Archibald LYON and Rose Lyon, Respondents. Brian Sheen, Petitioner,
v.
Nicholas Tatusko and Anna Tatusko, Respondents.
No. 67142.
Supreme Court of Florida.
March 27, 1986.
*423 Easley, Massa and Willits, and Larry Klein of Klein and Beranek, P.A., West Palm Beach, for petitioner.
Raymond G. Ingalsbe of Ingalsbe, McManus, Wiitala and Contole, P.A., North Palm Beach, for respondents.
EHRLICH, Justice.
This case is before us on petition to review a decision in which the Fourth District Court of Appeal held that a general release discharging an employer, its agents and employees does not release one who was no longer employed at the time the release was executed. Lyon v. Sheen, 467 So.2d 397 (Fla. 4th DCA 1985). The decision conflicts with a decision of another district court, Ford v. Coleman, 462 So.2d 834 (Fla. 5th DCA 1984), review denied, 475 So.2d 694 (Fla. 1985). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
This case involves two suits against Merrill Lynch, Pierce, Fenner and Smith and its ex-employee stockbroker, Sheen. The suits arose from numerous alleged improprieties in the handling of two accounts, those of the Lyons and the Tatuskos. The facts leading to the commencement of both actions are similar. It appears that after Sheen left the employ of Merrill Lynch, each couple brought irregularities in their account to the attention of Merrill Lynch executives. Through independent negotiations, Merrill Lynch reached settlements with both couples and general releases were obtained. Both releases were identical with the exception of the settlement amounts received. The releases were typewritten, specifically discharging Merrill Lynch from all liability and also contained general release language discharging "its officers, directors, agents, employees... ." Over a year after the releases were executed, both couples filed an action against Merrill Lynch and its ex-employee, Sheen. Relying on these releases, the trial court granted summary judgment in favor of both defendants. Both couples appealed the judgment as to Sheen, arguing that they never intended that he be included in the release.
On appeal the district court reversed the trial court, noting that "[t]he important operative fact here is that at the time the general release was given, the stockbroker no longer worked for Merrill, Lynch and the release only names Merrill, Lynch, together with its agents, employees, successors and assigns." Lyon, 467 So.2d at 397. The district court concluded that because Sheen "was not, in fact, included within [the release's] language," the granting of summary judgment in his favor was erroneous. Id. at 398. We cannot agree with this conclusion.
In the case Hurt v. Leatherby Insurance Co., 380 So.2d 432 (Fla. 1980), this Court first considered the reach of a general release. The release in Leatherby was broader than the release in question. The *424 Leatherby release was a form release purporting to discharge those specifically named as well as "any other person, corporation, association or partnership which might be charged with responsibility." Id. at 433. In Leatherby we recognized that "[d]ischarge of all potential defendants may have far-reaching consequences for an injured plaintiff. As such, it is important that the releasor's intent to give a general release be clearly expressed." Id.
With this in mind, the Court reasoned that a form release containing printed "boilerplate" general release language may not reflect the intent of the parties. Id. at 433-34. In this Court's opinion, the two types of language, printed and written, contained in the release created sufficient ambiguity as to the intent of the parties to preclude summary judgment. Id. at 434.
In the instant case, the release is a typewritten release which only purports to discharge those for whose acts Merrill Lynch could be liable. The form of the release is consistent and the language itself is clear and unambiguous. See Avery v. Owen, 404 So.2d 754 (Fla. 3d DCA 1981), review denied, 412 So.2d 468 (Fla. 1982) (language of release creates ambiguity where one agent is specifically named and another is not). Further, this Court cannot conclude that the plain meaning of the release is any less clear simply because Sheen was no longer employed at the time the release was signed. It is only logical that a general release discharging a specifically named employer and its agents and employees refers to those persons who were employed at the time of the alleged injury. See Ford v. Coleman, 462 So.2d 834 (Fla. 5th DCA 1984) (driver of car during accident is agent of owner for purposes of general release). If the district court's rationale were taken to its logical extreme, an employee who dies before a release is obtained would not be discharged unless specifically named. Therefore, we conclude it is employment at the time of the alleged injury which is determinative in this case.
When the language of a release, as with any contract, is clear and unambiguous a court cannot entertain evidence contrary to its plain meaning. Leatherby, 380 So.2d at 433. Accordingly, having found that the release in question is clear and unambiguous, and having concluded that a general release discharging agents and employees releases those who were employed at the time of the tort, we quash the district court's decision and remand with instructions to reinstate the summary judgment in favor of petitioner.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD and SHAW, JJ., concur.