# STRAUSS, et al. v PAPY

## Case No. 85-188 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

October 8, 1986

### APPEARANCES OF COUNSEL

**Philip Glatzer** for appellants.

**Peter Manheimer** for appellee.

Before SALMON, GREENBAUM, KORNBLUM, JJ.

### OPINION OF THE COURT

MICHAEL H. SALMON, Judge.

140

In order to resolve this case, we need only to determine whether or not the Appellants were released from all claims by the Appellee, and, if not, whether the trial court properly awarded attorney's fees to the Appellee.

Before this action came about, the Appellee had delivered an instrument entitled "General Release" to Appellants. This instrument was a printed form. If nothing more had been done than fill in the blanks (e.g. name, date, etc.), the document would have released Appellants of all claims. However, following the printed words were typed the words "in particular", followed by a list of things, none of which embrace the matter in controversy in this action. A question presented to the trial judge was whether extrinsic evidence should be admitted to explain the contents of the document. The trial judge permitted such evidence to be permitted, and in so doing he was correct. When there is printed and written material in a document, various rules of construction may apply, but the better one is to allow extrinsic evidence of the parties' intent. *Hurt v. Leatherby Insurance Co.*, 380 So.2d 432 (Fla. 1980).

The trial judge awarded attorney's fees to the Appellee. We have concluded that under the facts of this case there was no basis for this award. The Appellee's action against the Appellant was not for indemnification, nor was there absence of a justifiable defense for the Appellant.*

Affirmed in party, and reversed in part, with directions to modify the Amended Final Judgment by deleting the provision for attorney's fees.

---

* Appellee relies heavily upon *Concrete Systems, Inc. v. Florida Electric Company of Orlando*, 425 So.2d 632 (2d DCA 1983). We are unable to determine the precise theory upon which this case was decided.