FERGUSON, Judge.
Maria Delgado was injured as a result of the negligence of an underinsured motorist. The tortfeasor was insured by State Farm Insurance Company which paid Delgado the $10,000 policy limit. Government Employees Insurance Company (GEICO), the insurer of the car in which Delgado was riding when injured, had issued a policy providing a $10,000 limit on uninsured motorist benefits. Additional coverage was available to Delgado through her policy with Allstate which also provided a $10,-000 limit on uninsured motorist coverage. Delgado, therefore, had $20,000 in “stacked” benefits.
Delgado accepted $5,000 each from Allstate and GEICO and executed an unconditional release discharging the two companies from any further liability. An addendum which she affixed to the release provided:
This is without prejudice to Maria Delgado being able to establish and collect any additional U.M. benefits from any additional carriers in addition to the GEICO and Allstate policies.
Travelers Insurance Company had issued a $10,000 automobile insurance policy to Delgado’s grandfather, with whom she resided. Traveler’s paid Delgado $6,666 as its pro rata share of benefits owed (3 policies X $10,000 = $30,000, less $10,000 tort-feasor setoff divided by number of uninsured motorist carriers (3) = $6,666). Delgado claims that in light of the additional policy, the pro rata share of Allstate and GEICO increases by $1,666 each. The trial court granted a final summary judgment for Allstate and GEICO agreeing that the reservation of rights to proceed against other insurers was not a reservation of rights to proceed against Allstate and GEI-CO.
We are guided here by basic rules governing the construction of contracts. Where the intent of the parties as expressed in the document itself can be determined from the language in the instrument, only a question of law is presented, Atlantic Coast Line R.R. Co. v. Boone, 85 So.2d 834 (Fla.1956); where release language is clear and unambiguous the court “cannot indulge in construction or interpretation of its plain meaning,” Hurt v. Leatherby Ins. Co., 380 So.2d 432, 433 (Fla.1980); any ambiguities must be construed against the party who chose the language used, Ellenwood v. Southern United Life Ins. Co., 373 So.2d 392 (Fla. 1st DCA 1979).
It is clear that the addendum added by Delgado, which made the settlement with Allstate and GEICO “without prejudice” to her pursuing additional U.M. benefits from other carriers, did not qualify the otherwise *25 unconditional release given to Allstate and GEICO.[1]
Affirmed.

. We need not reach the insurers’ fall-back argument that if, by the addendum, Delgado reserved the right to collect additional benefits from the appellees, then the amount owed by each is $555 and not $1,666. This case originat- . ed on Delgado’s original and direct claim against Allstate and Geico. A claim against those insurers, based on rights assigned to Delgado by Travelers, was not precluded by the trial court judgment and is not precluded by our affirmance of the trial court ruling.