THREADGILL, Judge.
Wayne T. Flanagan, individually, and as personal representative of the estate, of Rena O’Dell Flanagan, deceased, appeals a final summary judgment holding that the language in a general release clause was sufficient to release the appellees, Florida Department of Transportation, a state agency, and Traflite industries, Inc., a Florida corporation, as unnamed joint tort-feasors. We reverse.
This wrongful death action arose from an accident in which Rena O’Dell Flanagan, a passenger in a vehicle operated by Vicky Caplinger, was killed. The appellant, as personal representative of the estate of Rena O’Dell Flanagan, released Mrs. Ca-plinger and State Farm, her liability, insurance carrier, for consideration. Thereafter, Appellant sued Appellees for damages, alleging that the state was negligent in creating a hazardous condition at the intersection where the accident occurred.
The release was a standard printed form with blanks for the names of the parties to be typed or written in. After these blanks the release included the language, “and all other persons, firms or corporations liable or who might be claimed to be liable.” The names of Ms. Caplinger and State Farm were typed in, and the release was further modified in two places where the form stated that all claims were being released and discharged, by the addition of the words “except uninsured motorist claims.”
Appellees moved for summary judgment, contending that this language, as a matter of law, released them as potential tort-fea-sors. Attached to the motion was the affidavit of a State Farm claims representative,." stating that it was the intent of State Farm to include each paragraph as stated on the face of the release and that State Farm did not intend to include any other terms and conditions in the release.
*715 Appellant timely filed two opposing affidavits, one from a State Farm representative stating that the release was a standard form used in automobile liability claims and that it was “not the intention of State Farm to release Appellees nor any other entity not specifically mentioned in the release.” Appellant’s other affidavit was that of the appellant, Wayne T. Flanagan, who executed the release, stating that it was not his intention to release any other person or entity or potential tort-feasor other than those named. The lower court granted summary judgment and this appeal was timely filed.
Appellant argues that whether a boilerplate liability release clause may suffice to release parties not specifically named in the release is an issue of material fact precluding summary judgment. We agree, finding that the Florida Supreme Court addressed and decided this issue in Hurt v. Leatherby Insurance Company, 380 So.2d 432 (Fla. 1980).
Justice Adkins wrote in Hurt that boilerplate language drafted to protect those in privity with the named parties may not reflect the intent of the parties, and found that the better rule would be to allow extrinsic evidence of the parties’ intent. The supreme court expressly held that whether a general printed release is effective to discharge tort-feasors other than those specifically named is a question of fact precluding summary judgment. 380 So.2d at 434.
In the counter-affidavits filed by the appellant, both parties to the release stated that it was not their intent to release anyone other than those named parties. These affidavits, contrasted with that filed by ap-pellees, create an issue of fact precluding summary judgment.
The final judgment is reversed and the cause is remanded for trial.
SCHEB, A.C.J., and DANAHY, J., concur.