## BESSIE FULMORE *v.* JEROME COLEMAN

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 248956
NEW HAVEN

Memorandum filed December 28, 1989

*Donald G. Walsh,* for the plaintiff.
*J. Mulshine,* for the defendant.

BERDON, J. The plaintiff, Bessie Fulmore, brings this action for damages for injuries she received on May 13, 1985, while a passenger in a Connecticut Transit Company bus. The defendant, Jerome Coleman, moves for summary judgment. The plaintiff's complaint alleges that the defendant's negligent operation of his automobile caused the bus driver "to slam on his brakes in an attempt to avoid a collision with the defendant's vehicle."

The defendant bases his motion for summary judgment on a release of liability pertaining to this accident for the sum of $10,000 which the plaintiff furnished to the Connecticut Transit Company. The release is entitled "release of all claims" and provides in part: "[T]he Undersigned [plaintiff] does hereby acknowledge receipt of Ten Thousand Dollars . . . ($10,000.00) which sum is accepted in full compromise settlement and satisfaction of, and in sole consideration for the final release and discharge of, all actions, claims and demands whatsoever, that now exist or may hereinafter accrue against the Connecticut Transit Company, 470

James Street, New Haven, Conn. 06513 and *any other person,* corporation, association or partnership charged with responsibility for injuries to the person and property of the Undersigned, the treatment thereof, and the consequences flowing therefrom, as a result of an accident . . . which occurred on the 3 day of May 1985 . . . ." (Emphasis added.)

The plaintiff has filed an affidavit in opposition to the motion for summary judgment which alleges that she did not release the defendant, that she did not intend to release him, and that she received no consideration from him for any such release. The defendant argues that since the document specifically releases "any other person . . . charged with responsibility for injuries," it also operates to release him of any liability under the provisions of General Statutes § 52-572e. This statute provides: "Release of joint tortfeasor. (a) For the purposes of this section the term 'joint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury to person or property whether or not a judgment has been recovered against all or any of them. (b) A release by the injured person, or his legal representative, of one joint tortfeasor does not discharge the other tortfeasors unless, and only to the extent, the release so provides." The issue then is whether the boilerplate language of "any other person" releases the unspecified tortfeasor.

Section 52-572e generally tracks, in part, § 4 of the Uniform Contribution Among Tortfeasors Act (act) which abrogates the harsh common law rule that a release of one joint tortfeasor releases all other joint tortfeasors. Section 4 provides in part: "When a release . . . is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death: (a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide. . . ."

The Colorado Supreme Court, in a survey of various jurisdictions, has pointed out the three different views as to whether a joint tortfeasor is released as a result of such general language under statutory provisions similar to § 4 of the act. *Neves* v. *Potter*, 769 P.2d 1047 (Colo. 1989). Some jurisdictions have adopted the "absolute bar" rule which releases the unnamed tortfeasor. Id., 1050; *Hasselrode* v. *Gnagey*, 404 Pa. 549, 172 A.2d 764 (1961). Another group of cases holds under the "express designation" rule that the release is not effective unless the tortfeasor is either specifically named or identified on the face of the release. *Neves* v. *Potter*, supra, 1051; *Bjork* v. *Chrysler Corporation*, 702 P.2d 146, 163 (Wyo. 1985). Still other jurisdictions have taken the middle ground by adopting the "intent" rule which provides that the boilerplate release language of "all persons" releases the unspecified joint tortfeasor if that was the intent of the parties. *Neves* v. *Potter*, supra; *Hurt* v. *Leatherby Ins. Co.*, 380 So. 2d 432, 433–34 (Fla. 1980).

*Neves* v. *Potter*, supra, points out that although the "absolute bar" rule is easiest to administer, it retains shades of the unjust common law which the legislation was designed to eliminate. Indeed, one court pointed out that "[t]o preclude redress on the basis of a legal fiction arising from the chance insertion of boilerplate wording in a printed form of release procured by one other than the defendant is at odds both with fundamental fairness and with the threads which bind together . . . judge-made tort law." *McInnis* v. *Harley-Davidson Motor Co.*, 625 F. Sup. 943, 954–55 (D.R.I. 1986). The Colorado Supreme Court, however, admonishes that the "express designation" rule "swings the pendulum too far in the other direction." *Neves* v. *Potter*, supra, 1052.

The intent rule, which is the middle ground and the one which this court adopts, comports with equity and,

therefore, is in harmony with the beneficient purposes of § 52-572e. See R. Satter, "Changing Roles of Courts and Legislatures," 11 Conn. L. Rev. 230, 236 (1979). "The only desirable rule . . . [is] . . . that a plaintiff should never be deprived of a clause of action against [any] wrongdoer when the plaintiff has neither intentionally surrendered the cause of action nor received substantially full compensation." W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 49, p. 335. Indeed, when construing ambiguous terms as to whether the defendant comes within the scope of the boilerplate, the court must look to the surrounding facts. See *Gallicchio Bros., Inc. v. C & S Oil Co.*, 191 Conn. 104, 107, 463 A.2d 600 (1983).

In the present case, the plaintiff's opposing affidavit clearly indicates that it was not her intention to release the defendant. This being the situation, there is a genuine issue of material fact as to whether this release applied to the defendant. The motion for summary judgment is therefore denied.