OWEN, WILLIAM C., Jr., (Retired), Associate Judge.
Appellant (herein “Cox”) suffered an adverse summary judgment in its negligence action against appellee. The trial court held that such claims were barred by a written general release executed by Cox in settlement of a prior arbitration matter between Cox and appellee's employer, The City of Sunrise. We reverse.
Appellee, an architectural firm, designed two park projects for the City of Sunrise. The construction contracts were awarded to Cox as general contractor. Appellee was the City’s representative with regard to administration of the contracts. When a dispute arose between Cox and the City concerning payment for certain work, the matter was submitted to arbitration in accordance with the contract terms. Appel-lee was not a party to that proceeding. The arbitration culminated in an award in favor of Cox which the City paid. Cox executed a general release, prepared in typewritten form by its attorney. The release named COX & PALMER CONSTRUCTION CORP., as First Party, and THE CITY OF SUNRISE, FLORIDA, as Second Party.
Although appellee was not named in the release, it did provide that,
“Wherever used herein the terms ‘First Party’ and ‘Second Party’ shall include singular and plural, heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, wherever the context so admits or requires.”
After the arbitration claim against the City had been settled, Cox brought this action against appellee alleging the latter’s negligence in administrating the contract, in preparing plans and specifications for the construction, and in supervising the construction project. Appellee’s answer included the affirmative defense that it was a third party beneficiary to the release provided the City by Cox. Appellee then moved for summary judgment on the basis of the general release, supported by admissions from Cox that it had at all times recognized and dealt with appellee as the legal or lawful representative of The City of Sunrise. The trial court, in a full and comprehensive order, concluded that even though appellee was not named therein, the release extended to appellee as the legal or lawful representative of the City, and that unlike the case of Hurt v. Leatherby Insurance Company, 380 So.2d 432 (Fla.1980), the customized, typed nature of the release, prepared by the attorney for Cox and using clear and unambiguous language, would neither require not permit extrinsic evidence as to the parties’ intent.
We agree that the language of the release is clear and unambiguous and that under established law the court must look to that language to ascertain the parties’ intent. Our disagreement with the trial court lies in its conclusion that the release, properly construed, extended to appellee as the “legal representative” of the City. Although the boiler plate language of the release extended its provisions to the “legal representatives” of individuals, it extended its provisions only to “the successors and assigns” of corporations. Since both the named “first party” and the named “second party” were corporations, the omnibus language extended' the release provisions only to the successors and assigns of those two named corporate parties. Appellee does not qualify as a successor or assign of either of those corporate entities, and the question of whether he was the “legal representative” or the “lawful representative” of The City of Sunrise is irrelevant. The release given by Cox to The City of Sunrise (applied in accordance with its plain meaning as it should, Hurt v. Leatherby Insurance Company, supra,) simply did not extend to appellee.
Our disposition on this basis makes it unnecessary to decide or even discuss the remaining issues.
*1331 The summary judgment in favor of ap-pellee is reversed and this causes is remanded for further proceedings not inconsistent herewith.
REVERSED AND REMANDED.
HERSEY, C.J., concurs.
STONE, J., dissents with opinion.