570 So.2d 1109 (1990)
David BERWALD, Appellant,
v.
GENERAL MOTORS ACCEPTANCE CORPORATION, Etc., Appellee.
No. 90-128.
District Court of Appeal of Florida, Fifth District.
December 6, 1990.
*1110 Charles R. Tucker, Ocala, for appellant.
Steven C. Davis of Haas, Boehm, Brown, Rigdon & Seacrest, P.A., for appellee.
COWART, Judge.
On July 4, 1985, a lessee, who is not a party to this action, entered into a vehicle lease with appellee, General Motors Acceptance Corporation (GMAC), as lessor, for a period longer than one year. The lease required the lessee to obtain insurance acceptable to the lessor which contained limits not less than $100,000/$300,000 bodily injury liability and $50,000 property damage liability. The lessee purchased the liability insurance as agreed.
Effective August 6, 1986,[1] section 324.021(9)(b),[2] Florida Statutes, provides that:

Owner/lessor.  Notwithstanding any other provision of the Florida Statutes or existing case law, the lessor, under an agreement to lease a motor vehicle for 1 year or longer which requires the lessee to obtain insurance acceptable to the lessor which contains limits not less than $100,000/$300,000 bodily injury liability and $50,000 property damage liability, shall not be deemed the owner of said motor vehicle for the purpose of determining financial responsibility for the operation of said motor vehicle or for the acts of the operator in connection therewith; further, this paragraph shall be applicable so long as the insurance required under such lease agreement remains in effect.
On August 8, 1986, appellant suffered personal injuries caused by the leased vehicle. After settling with the lessee and lessee's insuror and executing a release, appellant instituted an action against GMAC as owner of the leased vehicle. GMAC asserted two defenses, one that the general release executed by appellant included language effectively releasing GMAC[3] and two, that section 324.021(9)(b) barred recovery from GMAC.
The trial court entered a final summary judgment in favor of GMAC which the appellant appeals.
Appellant argues that section 324.021(9)(b), Florida Statutes, cannot be applied *1111 to appellant because the lease agreement was executed (July 4, 1985) prior to the effective date of the statute (August 6, 1986) and that to apply the statute would impair GMAC's contractual obligations under the lease in violation of the impairment clauses in Article I, Section 10, Constitution of the State of Florida and Article I, Section 10, Constitution of the United States. We do not agree and affirm.
Appellant's complaint asserted a cause of action against GMAC based on the theory that a motor vehicle is a dangerous instrumentality[4] and that the owner of a dangerous instrumentality is vicariously liable for the negligent use or operation of that instrumentality by one whom the owner has voluntarily placed in possession or control. The constitutional impairment clauses are for the purpose of protecting the beneficiaries of contract obligations.[5] Under the dangerous instrumentality doctrine, the cause of action against the owner of a motor vehicle in favor of one injured by the negligent operation of that vehicle, is in tort. A negligence action is one in tort, which is the legal remedy for a violation of a duty imposed by law, in contrast with an action sounding in contract which is a cause of action for a breach of a duty assumed by agreement or contract. The appellant had no vested rights in the lease agreement that could have been impaired by the subsequent statute. Furthermore, appellant's rights as the victim of personal injuries caused by a motor vehicle did not accrue until the date of the accident which was after the statute became law. The statute applies in this case and, as a matter of law, entitled GMAC to a summary judgment.
AFFIRMED.
W. SHARP, and GRIFFIN, JJ., concur.
NOTES
[1] GMAC correctly points out that while the bill creating section (9)(b) (Senate bill 902, Ch. 86-229, Laws of Florida) states an effective date of July 1, 1986 the governor did not sign the bill until July 2, 1986. Therefore, the effective date of the bill is August 6, 1986, or sixty days after the legislature adjourned sine die. Art. III, § 9, Fla. Const. McGriff v. McGriff, 392 So.2d 914 (Fla. 3d DCA 1980); 1967 Op.Atty.Gen.Fla. 067-49 (August 10, 1967).
[2] This statute which effectively abrogated the common law dangerous instrumentality doctrine as to the lessor in a long term vehicle lease by providing that such long term lessor is not the owner of the vehicle for purposes of determining financial responsibility for operation of the vehicle or acts of the operator, has been upheld as constitutional. Perry v. GMAC, 549 So.2d 680 (Fla. 2d DCA 1989), rev. denied, 558 So.2d 18 (Fla. 1990); Kraemer v. GMAC, 556 So.2d 431 (Fla. 2d DCA 1989), jurisdiction accepted, 564 So.2d 487 (Fla. 1990); Folmar v. Young, 560 So.2d 798 (Fla. 4th DCA 1990); Tsiknakis v. Volvo Finance of North America, Inc., 566 So.2d 520 (Fla. 3d DCA 1990) (question certified).
[3] As we find the second issue dispositive of the case, we do not address the issue involving the applicability of the general release executed by the lessee. See, Hurt v. Leatherby Insurance Co., 380 So.2d 432 (Fla. 1980) and Flanagan v. D.O.T., 532 So.2d 714 (Fla. 1st DCA 1988).
[4] Originally established by caselaw in Florida in Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 So. 975 (1917).
[5] See, e.g., Metropolitan Property and Liability Co. v. Gray, 446 So.2d 216 (Fla. 5th DCA 1984).