652 So.2d 897 (1995)
Yolanda SANGIOVANNI, wife, and Domenico Sangiovanni, husband, Appellants,
v.
Edward W. STENGLE, Janet Walker and Wadley's Flowers, jointly and severally, Appellees.
No. 94-01269.
District Court of Appeal of Florida, Second District.
March 17, 1995.
Marzell Mitchell, Jr., Fort Myers, for appellants.
Bonita L. Kneeland of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellees.
FULMER, Judge.
The plaintiffs appeal from a final summary judgment based on a general release given by the plaintiffs to some of the potentially liable parties in a personal injury action. Because an issue of material fact remained as *898 to whether the plaintiffs intended to release all potential defendants or only those specifically named in the release, summary judgment was improper.
This case arose from a three-car collision. Prior to filing a lawsuit for personal injuries, the plaintiffs signed a release which was a standard printed form that contained blanks for the names of those specifically discharged followed by a printed general release clause stating that the release applied to "all other persons, firms and corporations who might be liable... ."
When the plaintiffs later filed suit against the appellees, whose names did not appear in the release, the appellees asserted the release as an affirmative defense and subsequently as a basis for summary judgment. No affidavits or sworn testimony was offered either in support of or in opposition to the motion for summary judgment.
Concluding that the plain language of the release controlled, the trial court granted summary judgment. Under these circumstances, however, summary judgment was error. "The presence of the two types of release, one printed and one written, within a single form creates at least a latent ambiguity." Hurt v. Leatherby Ins. Co., 380 So.2d 432 (Fla. 1980). "[W]hether a general printed release is effective to discharge tortfeasors other than those specifically named is a question of fact precluding summary judgment." Flanagan v. State Dept. of Transp., 532 So.2d 714, 715 (Fla.2d DCA 1988).
Therefore, a question of fact existed in this case as to whether the plaintiffs intended to release all persons or just those specifically named in the release. The Florida Supreme Court stated in Hurt that "the better rule in these particular circumstances is to allow extrinsic evidence of the parties' intent." 380 So.2d at 434. Here the parties did not file any affidavits or other extrinsic evidence to support their interpretation of the release form. In the absence of any evidence, the question of fact remained, and summary judgment was improper.
Reversed and remanded for proceedings consistent herewith.
RYDER, A.C.J., and BLUE, J., concur.