OWEN, WILLIAM C., Jr., Senior Judge.
The plaintiffs in an automobile personal injury action settled with two of the several co-defendants, dismissing them and executing a release. The remaining defendants prevailed on the court to dismiss them on the strength of the release, precipitating this appeal. We reverse.
A television news team consisting of Laura Clarizio, James K. Hays, and Chip Osowaski sought to interview a neighbor of Mr. Charles Fisher. The neighbor, not wishing to be interviewed, enlisted the aid of Fisher to assist in ridding her of the nuisance. The news team withdrew, returning to Hays’ automobile parked in the street. Fisher followed and was holding on to the tailgate of the automobile when Osowaski, at the direction of Clarizio, abruptly drove the vehicle away. Fisher was dragged a distance and seriously injured. Fisher and his wife (the “Fishers”) sued Hays, Osowaski, Clarizio and the three corporate appellees as their alleged *131 employers. The Fishers settled with Hays, Osowaski, and Hays’ automobile liability insurance carrier, Allstate Insurance Company, signing a release naming Hays, Osowaski, and Allstate. The plaintiffs and Hays and Osowaski signed a joint stipulation dismissing the suit as to Hays and Osowaski only, and the court entered a partial order of dismissal as to them.
The Fishers filed an amended complaint, omitting Hays and Osowaski as defendants, but alleging in counts I, II, III, and IV that by virtue of Osowaski’s negligence his corporate employers were vicariously liable. Counts V through VIII sought damages based on the alleged negligence of Clarizio. The appellees filed a motion to dismiss Counts I through IV, asserting as grounds for the motion that plaintiffs’ claims against Osowaski’s employers, based solely on vicarious liability, were barred by the release of Osowaski and his subsequent dismissal as a defendant.[1] Attached to the motion was a copy of the release dated October 24, 1997, signed by Hays and Osowaski, the relevant portion of which read as follows:
[The Fishers] ... do hereby release, acquit, and forever discharge JAMES K. HAYS, individually, CHIP OSOWASKI, individually, and ALLSTATE INSURANCE COMPANY and all actions, causes of action, claims, demands, damages, costs, loss of services, expenses, and compensation, on account of, or in any way growing out of, any and all known and unknown personal injuries and property damage resulting from an accident that occurred on or about the 13th day of October, 1993, in the vicinity of Palm Beach County, Florida.
Notwithstanding, that the motion sought dismissal of Counts I through IV only, and was based solely on the legal theory that the release and dismissal of Osowaski, as an active tortfeasor, was a bar to plaintiffs’ claims against his alleged employers whose liability arose vicariously, the court determined that the release was intended as a release of all claims arising out of the accident, and thereupon dismissed the entire action.[2] The order recited that it was entered on the authority of Sheen v. Lyon, 485 So.2d 422 (Fla.1986); Hurt v. Leatherby Ins. Co., 380 So.2d 432 (Fla.1980); and Hester v. Gatlin, 332 So.2d 660 (Fla. 2d DCA 1976), and stated “because the Release is clear and unambiguous in releasing those named ‘and all others ... ’ arising out of the incident at issue.” Thus, plaintiffs came to the hearing prepared to defend against the issue stated in the motion, i.e., the legal effect which release of the active tortfeasor had on the vicarious liability of the passive tortfeasor, and left finding themselves out of court as a result of the court’s ruling on an entirely different issue for which notice had not been given, i.e., the intent of the parties to the release agreement.
Plaintiffs then filed a motion under Rule 1.540 for relief, asserting that the language of the release upon which the court had relied failed to express the intent of the parties through their mutual mistake, and attaching to the motion a copy of a revised release between the Fishers and Hays, Osowaski, and Allstate Insurance Compa *132 ny. The relevant portions of the revised release provided:
[The Fishers] ... do hereby release, acquit, and forever discharge JAMES K. HAYS, Individually, CHIP OSOWASKI, Individually, and ALLSTATE INSURANCE COMPANY, and only them, of and from any actions, causes of action, claims, demands, damages, costs, loss of services, expenses, and compensation, on account of, or in any way growing out of, any and all known and unknown personal injuries, property damage and intangible damage resulting or to result from or by reason of an accident that occurred on or about the 13th day of October, 1993, in the vicinity of Palm Beach County, Florida.

It is the intention of the plaintiffs, CHARLES W. FISHER and CONSTANCE J. FISHER to retain their legal right to seek additional relief from non-settling parties.

This Release is intended to supercede and take the place of that certain Release dated October 24, 1997, and signed by Charles W. Fisher and Constance J. Fisher. The parties acknowledge that said Release failed to reflect the agreement between the signatories thereto and James K. Hays, Chip Osowaski, and Allstate Insurance Company. This Release shall be effective, and relate back to, October 2b, 1997.
(Emphasis supplied).
The court denied the Rule 1.540 motion, and the timely appeal from that order has been consolidated with the appeal from the dismissal of the action.
Hurt noted that as long as the parties express their intent to discharge all possible tortfeasors, they are free to do so, but because discharge of all potential defendants may have far reaching consequences for the injured plaintiff, it is important that the releasor’s intent to give a general release be clearly expressed. See 380 So.2d at 433. When the trial court ruled in this case that the clear and unambiguous language of the release expressed the releasors’ intent to release all actions arising out of the incident at issue, its ruling was generally in accord with the cases it cited. When, however, the motion to vacate presented the court with proof that the “clear and unambiguous” language, upon which it had relied for its ruling, failed to reflect the trae intention of the parties to the release, the court was then aware that there was a fact issue concerning the intent, of the release language. The court therefore erred in not vacating its prior order and causing the matter to be made an issue for determination as any other issue of fact would be.
Our disposition of this appeal is controlled by Ayr v. Chance, 372 So.2d 1000 (Fla. 4th DCA 1979), and Alexander v. Kirkham, 365 So.2d 1038 (Fla. 3d DCA 1979), in each of which, on facts virtually identical to the those in this case, the court reversed judgments for the non-settling defendants.[3] In each of the cited cases, as here, the plaintiffs’ settlement with and release of a co-defendant was successfully asserted by the remaining non-settling defendants as a general release barring the action against them. In each, as here, the plaintiffs claimed that the form of the release was the product of a mutual mistake by reason of which the true intention of the parties was not expressed therein. In each, as here, the parties to the release furnished proof that the true intent of the parties had been to release only the parties with whom they had settled, reserving to the plaintiffs the right to proceed against the remaining parties. We reverse the order on the authority of the above cited cases, as well as Coral Ridge Prop. v. Playa Del Mar Ass’n., Inc., 505 So.2d 414 (Fla.1987), and Gonzalez v. Travelers Indem. Co. of R.I., 408 So.2d 741 (Fla. 3d *133 DCA 1982). Upon remand, the court in its discretion and upon appropriate request may afford defendants the opportunity to amend their answer to include the affirmative defense of release.
REVERSED.
STEVENSON and HAZOURI, JJ., concur.

. As a matter of procedure, it was improper for the defendants to assert the affirmative defense of release by a motion to dismiss. An affirmative defense may be asserted by motion only when it appears on the face of a prior pleading, which certainly was not the case here. Plaintiffs did not object to the motion on this basis. Substantively, the legal position stated in the motion was without merit. See JFK Med. Ctr., Inc. v. Price, 647 So.2d 833 (Fla. 1994); Safecare Health Corp. v. Rimer, 620 So.2d 161 (Fla.1993).

. The order was unquestionably intended by the court and accepted by the parties as a final disposition of the case. The court certainly left no doubt that it considered the judicial labor, at least in the trial court, at an end. Though others might have said so in more traditional form, one cannot miss the meaning when the court says, bringing the hearing to a conclusion, “Enough already. Little red brick building, okay?”

. The opinion in each of these cases, the one by (then) Judge Anstead for this court, the other by Judge Schwartz for the third district. contains an excellent discussion of the applicable law and a reading of each is recommended to the serious student of the subject.