# Third District Court of Appeal

## State of Florida

Opinion filed January 19, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0750
Lower Tribunal No. 18-20304
_____


**Patrick Campbell,**
Appellant,

vs.

**Harper's Air Inc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Campbell Legal Group PLLC, and Debbie R. Campbell, for appellant.

Robb, Coulombe, Buschman, Charbonnet & Bartell, and Marc S. Buschman; Russo Appellate Firm, P.A. and Elizabeth K. Russo and Paulo R. Lima, for appellee.


Before SCALES, GORDO and BOKOR, JJ.

BOKOR, J.

Patrick Campbell appeals summary and final judgment in favor of Harper's Air Inc. The issue hinges on the scope of a release entered between Campbell and Steve Simm, a Harper's Air employee at the time of the accident referenced in the release. Specifically, does the release's reference to "employer" cover Harper's Air, a nonsignatory to the agreement, where, as here, Simm left Harper's Air's employ before the effective date of the release? Based on the plain language of the release, we conclude that there is no latent ambiguity requiring parol evidence and the trial court correctly granted final judgment in favor of Harper's Air.

On June 18, 2014, Simm, while driving a work truck for his then-employer, Harper Air, collided with a vehicle driven by Campbell. In 2016, Campbell sued Simm for negligence. The parties settled the matter and executed a release of Simm on March 18, 2018. Importantly, the parties agree that, in exchange for the settlement amount:

> [T]he undersigned Releasor [Campbell] hereby releases and forever discharges STEVE SIMM, his heirs, executors, administrators, agents, assigns, **employers,** employees, firms and corporations (hereinafter all referred to as 'Releasees') **liable or who might be claimed to be liable,** non[e] of whom admit any liability to the undersigned by all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever resulting from and/or arising out of all bodily injury, known and unknown, which has resulted or may in the future develop from an accident which occurred on or about the 18th day of June,

2

2014, at or near the intersection of US 1 and SW 152 Street, Miami Dade County, Florida.

(Emphasis added).

On April 3, 2018, the trial court dismissed with prejudice the action between Campbell and Simm based on the settlement. On June 14, 2018, Campbell filed a second lawsuit (which results in this appeal) against Harper Air, based on the same accident. Harper Air moved to dismiss, which was denied, but then moved for summary judgment, arguing that the plain language of the release barred this action. The trial court agreed with Harper Air and granted summary and final judgment in favor of Harper Air. This appeal ensued.

Campbell argued that because Simm's employment with Harper Air ended before the date of the release, Harper Air could not benefit as a released "employer." Or, at least, the term "employer" constituted a latent ambiguity requiring extrinsic evidence and a determination of what the parties actually meant by "employer." Campbell's position defies a common sense understanding of the word "employer" in the context of the entire agreement.

Here, Harper's Air, the employer at the time of the accident, constituted the only "employer . . . liable or who might be claimed to be liable" for "any and all claims" resulting from the subject accident. See Rivercrest Cmty.

3

Ass'n, Inc. v. American Homes 4 Rent Props. One, LLC, 298 So. 3d 106, 111 (Fla. 2d DCA 2020) (explaining that "plain and unambiguous contract terms receive their plain and unambiguous meanings" and "contractual provisions are to be interpreted in the context of the entire agreement").

The trial court properly interpreted the plain language and excluded extrinsic evidence seeking to create an ambiguity where none exists. See Univ. of Miami v. Francois, 76 So. 3d 360, 366 (Fla. 3d DCA 2011) (holding that where no ambiguity exists, a court may not consider extrinsic evidence to determine the intent of the parties). Florida Supreme Court precedent also refutes Campbell's position in an analogous situation involving the application of a release to a former employee:

> In the instant case, the release is a typewritten release which only purports to discharge those for whose acts Merrill Lynch could be liable. The form of the release is consistent and the language itself is clear and unambiguous. See Avery v. Owen, 404 So. 2d 754 (Fla. 3d DCA 1981), *review denied,* 412 So. 2d 468 (Fla. 1982) (language of release creates ambiguity where one agent is specifically named and another is not). **Further, this Court cannot conclude that the plain meaning of the release is any less clear simply because Sheen was no longer employed at the time the release was signed. It is only logical that a general release discharging a specifically named employer and its agents and employees refers to those persons who were employed at the time of the alleged injury.** See Ford v. Coleman, 462 So. 2d 834 (Fla. 5th DCA 1984) (driver of car during accident is agent of owner for purposes of general release). If the district court's rationale were taken to its logical extreme, an employee who dies before a release is obtained would not be discharged unless specifically

4

named. **Therefore, we conclude it is employment at the time of the alleged injury which is determinative in this case**.

When the language of a release, as with any contract, is clear and unambiguous a court cannot entertain evidence contrary to its plain meaning. [Hurt v. Leatherby Ins. Co., 380 So. 2d 432, 433 (Fla. 1980)]. **Accordingly, having found that the release in question is clear and unambiguous, and having concluded that a general release discharging agents and employees releases those who were employed at the time of the tort, we quash the district court's decision and remand with instructions to reinstate the summary judgment in favor of petitioner.**

Sheen v. Lyon, 485 So. 2d 422, 424 (Fla. 1986) (emphasis added).

Because the release contains no ambiguity, the trial court correctly excluded any extrinsic evidence, gave the words their plain and ordinary meaning in the context of the entire agreement, and granted summary judgment in favor of Harper's Air.

Affirmed.