374 So.2d 1159 (1979)
FLORIDA POWER & LIGHT CO., Appellant,
v.
Fred W. SCHAUER, Leo Blair, Drott Manufacturing Company, Inc., a Foreign Corporation, Case Power & Equipment Company, Blair Construction Company, Inc., Roy Simon and Sun Second National Bank of Delray Beach, Florida, Appellees.
No. 77-2384.
District Court of Appeal of Florida, Fourth District.
September 19, 1979.
Marjorie D. Gadarian of Jones, Paine & Foster, West Palm Beach, for appellant.
L. Edward McClellan, Jr., of Rentz, McClellan & Haggard, Miami, for appellee-Roy Simon.
DOWNEY, Chief Judge.
This is an appeal from a final summary judgment against Florida Power & Light Co. on its third party complaint against Roy Simon.
Factually, it appears that Sun Second National Bank of Delray desired to make an addition to their bank building. Blair Construction Company was hired to construct the building and Roy Simon was orally employed to design it. Blair's contract with the bank said that Simon was to design and supervise the building. An accident occurred when a crane lifting a steel *1160 beam came in contact with Florida Power & Light high intensity lines overhead and Schauer and Pascarella, workmen for Blair, were injured.
Schauer sued Blair and Florida Power & Light Company.[1] Florida Power & Light filed a third party complaint against Simon for indemnity and contribution. In his complaint Schauer charged that Florida Power & Light:
1) had a duty to de-energize the lines when it knew that cranes would be working there;
2) knew, or in exercise of reasonable care should have known, such equipment would be there December 12th, but did not de-energize;
3) was negligent in maintaining the lines as they were not properly insulated.
Florida Power & Light, in its third party complaint, charged Simon:
1) had a duty to design and supervise the addition in a prudent and reasonable manner;
2) was negligent in: designing so as to encroach on Florida Power & Light easement; designing and planning knowing that equipment would be there near the lines; failing to notify Florida Power & Light to de-energize the lines; and failing to supervise;
3) was the sole proximate cause of plaintiff's injuries;
4) was actively negligent while Florida Power & Light was only passively negligent;
5) was liable for all or part of Florida Power & Light's liability;
6) was liable for fees and costs.
The trial judge granted a summary judgment on behalf of Simon and dismissed the appellant's third party complaint for indemnity and contribution.
While this suit was pending the Supreme Court of Florida decided the case of Houdaille Industries, Inc. v. Edwards, 374 So.2d 490, 1979, which we find to be controlling with regard to the appellant's claim for indemnity against Simon. On authority of Houdaille and our decision in Walter Taft Bradshaw & Associates v. Bedsole, 374 So.2d 644, 1979, we affirm the summary judgment dismissing appellant's claim for indemnity against Simon. However, the summary judgment also dismissed appellant's third party complaint for contribution and we find said complaint stated a cause of action for contribution and the proofs offered in support of the summary judgment did not demonstrate that no genuine issue of material fact existed on that question.
Accordingly, we affirm the summary judgment as regards the dismissal of the appellant's claim for indemnity and reverse the summary judgment as regards the dismissal of appellant's claim for contribution.
AFFIRMED IN PART; REVERSED IN PART.
MOORE, J., and FARRINGTON, OTIS (Retired), Associate Judge, concur.
NOTES
[1] By amended complaint Schauer made Simon a party defendant.