374 So.2d 1160 (1979)
Fred W. SCHAUER, Appellant,
v.
BLAIR CONSTRUCTION COMPANY, INC., Leo Blair, Drott Manufacturing Company, Inc., a Foreign Corporation, Case Power and Equipment Company, Florida Power & Light Company, Inc., Roy Simon and Sun Second National Bank of Delray Beach, Florida, Appellees.
Nos. 77-2464, 77-2689.
District Court of Appeal of Florida, Fourth District.
September 19, 1979.
*1161 Robyn Greene of Greene & Cooper, and Brumer, Moss, Cohen & Rodgers, Miami, for appellant.
L. Edward McClellan, Jr., of Rentz, McClellan & Haggard, Miami, for appellee-Roy Simon.
DOWNEY, Chief Judge.
Appellant seeks reversal of a final summary judgment for appellee Roy Simon. Simon was one of several defendants in a damage suit case brought by appellant for injuries he sustained on a construction project.[1]
Sun Second National Bank of Delray desired to make an addition to their bank building. Blair Construction Company was hired to construct the building and Roy Simon, an architect, was orally employed to design it. Blair's written contract with the bank provided that Simon was to design and supervise the building. Simon's contract with the bank was oral and Simon denies he was to supervise the construction. An accident occurred when a crane lifting a steel beam came in contact with Florida Power & Light Company's high intensity lines overhead and Schauer, a workman for Blair, was injured.
Appellant Schauer sued Blair, Florida Power & Light and Simon for damages as a result of their alleged negligence. As regards Simon, the complaint charged Simon with negligently preparing the plans, knowing there would be cranes and other equipment used in close proximity to the Florida Power & Light power lines; failure to warn plaintiff of the dangerous conditions created by the close proximity of the power lines; failure to have the lines de-energized. The trial court granted Simon's motion for summary judgment.
The complaint is somewhat vague regarding Simon's obligation to supervise the construction. However, the proof adduced clearly raises a question as to whether supervision was included in Simon's duties. The contract between Simon and the Bank was oral. Simon says he was not employed to supervise, but the record has numerous indications that the Bank considered supervision as part of Simon's services. At trial Simon might well prevail on this issue. However, the burden on the movant for summary judgment being what it is,[2] we find a genuine issue of material fact remains to be resolved. We also feel there may be an issue of fact involving Simon's *1162 common law duty as an architect, i.e., whether his plans and specifications met the standard of care required for the protection of any person who foreseeably and with reasonable certainty might be injured by any deficiency in said plans. Conklin v. Cohen, 287 So.2d 56 (Fla. 1973); Geer v. Bennett, 237 So.2d 311 (Fla. 4th DCA 1970). Accordingly, the entry of final summary judgment for Simon was error.
After the summary judgment was entered, appellant filed a petition for rehearing. During the argument thereon the trial judge advised counsel that he owned shares of stock in Sun Second National Bank of Delray Beach, Florida, one of the parties in the case. Appellant then moved to vacate the summary judgment because the trial judge should have recused himself. That motion was denied and that judicial act is asserted as error. Although the trial judge refused to vacate the summary judgment against appellant, he advised counsel he intended to recuse himself from the case. Accordingly, since we herewith reverse the summary judgment in question and the trial judge intends to recuse himself, we need not treat this point.
In view of the foregoing, the summary judgment in favor of Simon and against appellant Schauer is reversed and the cause is remanded for further proceedings consistent herewith.
REVERSED AND REMANDED with directions.
MOORE, J., and FARRINGTON, OTIS (Retired), Associate Judge, concur.
NOTES
[1] This is a companion case to Florida Power & Light Co. v. Schauer et al., 374 So.2d 1159, in which we have today reversed in part and affirmed in part a summary judgment in favor of appellee Simon and against Florida Power & Light Company on its third party complaint against Simon. We there upheld Florida Power & Light's third party complaint against Simon for contribution and rejected the claim for indemnity.
[2] Holl v. Talcott, 191 So.2d 40 (Fla. 1966).