JOHN H. MOORE II, Associate Judge.
The plaintiffs in a negligence action stemming from a boating accident appeal a final summary judgment entered in favor of the defendant, Florida Power and Light Company (FP&L). The summary judgment was based on two releases executed by Rogeria Jowanowitch, mother of the minor plaintiff. FP&L cross-appeals an order compelling it to produce its files pertaining to boating accidents involving contact with its power lines in two counties.
In a third-party action, FP&L sued King Halikman, the operator of the boat, and his insurer, American Liberty Insurance Company, for indemnification, contending that Halikman’s active negligence was the sole proximate cause of the plaintiffs’ injuries and that FP&L was, at most, passively negligent. FP&L cross-appeals the entry of final summary judgment in favor of the third-party defendants.
Rogeria Jowanowitch and her minor daughter, Anna, were passengers aboard a sailboat operated by King Halikman, the third-party defendant. The mast of the sailboat collided with overhead power lines owned and operated by FP&L, resulting in injuries to Mrs. Jowanowitch and her daughter. In settling any claims she may have had against Halikman and his insurer, Mrs. Jowanowitch executed two releases. One of the releases (release No. 1) related solely to Mrs. Jowanowitch’s personal claims and was executed by her in her individual capacity. That release discharged Halikman, his wife, and his insurer, and further released “all other persons, firms, corporations, associations, or partnerships . . . .” The second release (release No. 2) was entitled “Parents-Guardian Release and Indemnity Agreement” and related to Mrs. Jowanowitch’s claims as parent and guardian of the minor, as well as to the minor’s own claims. That document released only the Halikmans and their insurer. There is conspicuously absent from release No. 2 any general language releasing others not specifically named.
Suit was then instituted by Mrs. Jowa-nowitch against FP&L to recover her own damages, and as guardian and next friend, those of her daughter. On motion by FP&L, final summary judgment was entered in its favor on the basis of the two releases. Plaintiffs argue that because FP&L was not named in either release, the entry of final summary judgment in its favor was error. We agree and reverse the summary judgment.
As noted previously, in release No. 1, Mrs. Jowanowitch released inter alia, “all other persons, firms, corporations, associations or partnerships . ■. . .” In Hurt v. Leatherby Ins. Co., 354 So.2d 918 (Fla. 4th DCA 1978), the Court held that such all *752 inclusive language discharges all joint tort-feasors. See also, Dean v. Bennett M. Lifter, Inc., 336 So.2d 393 (Fla. 3rd DCA 1976) and Hester v. Gatlin, 332 So.2d 660 (Fla. 2nd DCA 1976). The decision in Hurt was certified to the Florida Supreme Court which reversed, holding that whether a general printed release is effective to discharge other than specifically named tortfeasors is a question of fact. Hurt v. Leatherby Ins. Co., 380 So.2d 432 (Fla.1980). In so holding, the Court stated: “[T]he manifestation of intent must be more explicit than signing a printed form which happens to contain broad, general release language in addition to providing spaces for the specifically discharged parties.” We are taught that a latent ambiguity is thereby created which necessitates a rule allowing extrinsic evidence of the parties’ intent. In the present case, FP&L relied solely on the printed, general release language in support of its motion for summary judgment. We find this reliance inadequate to sustain its burden of proving it was entitled to judgment as a matter of law and reverse the final summary judgment.
We emphasize that, in any event, the execution of this release applied only to the individual damages of Mrs. Jowanow-itch, including those which she incurred as a result of her daughter’s injuries. This release did not affect the daughter’s claims, it being well settled that a parent’s individual right of action for a child’s injuries is independent of the child’s right of action for the same injuries. Tucker v. Shelby Mutual Insurance Co., 343 So.2d 1357 (Fla. 1st DCA 1977).
In release No. 2, Mrs. Jowanowitch solely released the Halikmans and their insurer from liability for any damages which her daughter may have sustained. Assuming the Halikmans and their insurer to be so released, Florida Power and Light Company is not included by name or by the use of general language. Thus, this release had no effect on its liability, if any, for the daughter’s damages. Consequently, the trial court erred in granting final summary judgment in favor of FP&L as to the daughter’s claims.
We now consider the discovery order which required FP&L to produce its files concerning accidents in which boats came into contact with its power lines located in two counties. This order is obviously over-broad. It makes no provision for the protection of privileged communications or work product, matters which traditionally have been exempt from discovery. The discovery order is therefore reversed and, on remand, an order should be entered reasonably limiting discovery to matters, not privileged, which are relevant and material to the issues involved.
Finally, we consider the' final summary judgment entered in favor of the third-party defendants. As noted above, the third-party complaint filed by FP&L was for indemnification founded upon an active-passive negligence theory. In view of the recent Florida Supreme Court decision in Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla.1979), the trial court correctly entered final summary judgment for the third-party defendants. See also, Florida Power and Light Company v. Schauer, 374 So.2d 1159 (Fla. 4th DCA 1979) and Bradshaw v. Bedsole, 374 So.2d 644 (Fla. 4th DCA 1979).
In summary, we reverse the final summary judgment in favor of FP&L and affirm the final summary judgment in favor of the third-party defendants. We also reverse the discovery order entered against FP&L and remand with directions to proceed in accordance with the views expressed herein.
ANSTEAD, HARRY LEE, and GEIGER, DWIGHT L., Associate Judges, concur.