FENNELLY, JOHN E., Associate Judge.
State Farm appeals the trial court’s order denying its motion for new trial. Sex-son appeals for the same reason as well as the trial court’s failure to reduce a punitive damage award. State Farm’s motion set forth two principal bases for a new trial: 1. The trial court’s exclusion of evidence of a prior head injury suffered by the plaintiff, and, 2. Newly discovered evidence. For reasons set forth in this opinion, we reverse and remand this cause for a new trial.
This case arose out of a tragic automobile collision that occurred on March 9, 1983. On that date Patricia Ellen Roth was visiting some friends who operated a hot dog van parked on the shoulder of PGA Boulevard near the intersection of the Florida Turnpike. As a result of a collision between a van driven by Sexson and a tractor trailer, the tractor trailer ran off the roadway and struck the parked hot dog van. This second collision caused a refrig *333 erator in the van to fall on Roth, injuring her shoulders, back and neck.
Roth filed an action alleging post-traumatic headaches and soft tissue injuries to her neck and back. State Farm, Roth’s uninsured motorist insurance carrier, was joined as a defendant along with Joan Marie Sexson, Paul Brown, Jr., as Personal Representative of the Estate of Paul Brown, P.M. Leasing Company and Russell L. Barton. Prior to trial, Barton and P.M. Leasing were voluntarily dismissed by Roth. The case proceeded to trial and the jury returned a verdict for $181,383.00 in compensatory damages against Sexson, Brown and State Farm. The jury also returned a punitive damages verdict against Sexson in the amount of $1,000,000.00.
At trial, the plaintiff presented substantial testimony concerning headaches she had suffered continuously following the accident. The trial court, after a proffer by the defense, excluded evidence that the plaintiff had suffered a previous head injury. This was, in our view, error due to the centrality of the issue of the cause of plaintiffs migraine headaches. The jury was therefore denied relevant and material evidence related to the cause of those headaches, i.e., the fall versus the accident. This standing alone would warrant reversal.
The foregoing conclusion is made even more compelling in view of post-trial developments concerning the possible pre-existence of plaintiffs migraine headaches. Appellants, shortly after the trial, obtained records from the Florida State University clinic that indicated that plaintiff may have complained of migraine headaches after the fall and before the incident that gave rise to this suit. While the records themselves may not warrant a new trial, when the excluded testimony is considered in conjunction with them, the necessity for a new trial is, in our view, compelling.
We find no error in the trial court’s refusal to allow a set off or in the court’s allowance of interest. We decline to rule on the issues concerning punitive damages since the issue of punitive damages will have to be retried in the new trial.
Based on the foregoing, we therefore reverse and remand this cause for a new trial.
ANSTEAD and STONE, JJ., concur.