Timothy WILLIAMS and Lori Williams, Plaintiffs–Appellants,

v.

ARAI HIROTAKE, LTD. and Arai Helmet (U.S.A.), Ltd., Defendants–Appellees.

No. 90–5259.

United States Court of Appeals, Eleventh Circuit.

May 16, 1991.

Neil Chonin, Chonin & Sher, Coral Gables, Fla., Daniel G. Grove, Keck, Mahin & Cate, Washington, D.C., for plaintiffs-appellants.

Richardo J. Cata, Miami, Fla., for defendants-appellees.

Before KRAVITCH and ANDERSON, Circuit Judges, and ATKINS *, Senior District Judge.

ANDERSON, Circuit Judge:

Appellants Timothy and Lori Williams, husband and wife, appeal a dismissal of their complaint in a products liability action against appellees Arai Hirotake, Ltd. and Arai Helmet (U.S.A.), Ltd. ("Arai"). The district court granted Arai's motion for summary judgment, finding that the Williamses' release of certain defendants from negligence liability in a prior state court action also discharged Arai, a third-party defendant to that action. We reverse and remand.

## I. BACKGROUND

In November, 1987, Timothy Williams was injured when a vehicle collided with the motorcycle he was operating. Upon collision, Williams' helmet flew from his head so that he struck his bare head on a curb, resulting in severe brain trauma. Timothy Williams and his wife filed a negligence action in Florida state court against the driver and the owner of the vehicle ("state court defendants") to recover damages for Timothy Williams' bodily injury and for his wife's loss of consortium. The Williamses did not name Arai, the manufacturer of Williams' helmet, as a defendant in that action. However, the state court defendants sought contribution from Arai as a third-party defendant.

Pursuant to a settlement agreement between the Williamses and the state court defendants, the Florida state court entered a judgment against the defendants in the amount of $1.5 million. *Williams v. Lopez*, No. 88–1638 CA 05 (November 10, 1988). Neither the defendants' offer of judgment, the Williamses' acceptance, nor the judgment order contained any language indicating the injuries for which the Williamses were compensated or the claims that were satisfied. After satisfaction of judgment, the state court defendants voluntarily dis-

---

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

missed Arai as third-party defendant with prejudice.

Thereafter, the Williamses filed this action in state court against Arai, again seeking damages for Timothy Williams' bodily injuries. Arai removed this action to district court on the basis of diversity of citizenship. The district court granted summary judgment in favor of Arai, holding that under Florida law, the Williamses' release of the state court defendants released Arai as well. *See Williams v. Arai,* 731 F.Supp. 1557 (1990).

In making that determination, the district court declined to apply two Florida statutes relating to the release of tortfeasors. The first statute, Fla.Stat. § 46.015(1), effective June 23, 1980, governs the release of defendants facing joint and several liability:

> A written covenant not to sue or release of a person who is or may be jointly and severally liable with other persons for a claim shall not release or discharge any other person who may be liable for the balance of such claim.

The second statute, Fla.Stat. § 768.041(1) (1965), governs the release of negligent tortfeasors:

> A release or covenant not to sue as to one (1) tortfeasor for property damage to, personal injury of, or the wrongful death of any person shall not operate to

release or discharge the liability of any other tortfeasor who may be liable for the same tort or death.

The district court held that these statutes do not apply to the instant case because "Florida law has evolved independently of the statutory provisions." *Williams v. Arai,* 731 F.Supp. at 1561. Furthermore, the district court did not apply the comparative fault provisions of Fla.Stat. § 768.81 (1986), regarding apportionment of damages among joint tortfeasors.

## II. DISCUSSION

■ The Williamses seek a reversal of summary judgment for Arai, contending that the district court erred in refusing to apply Fla.Stat. §§ 768.81, 768.041, and 46.-015 in determining whether their offer of judgment to the state court defendants included a release of Arai. We agree.[1]

■ Prior to the state court defendants' submission of an offer of judgment, the state court had held that § 768.81 may apply to this case.[2] Section 768.81, enacted pursuant to the Florida Tort Reform Act of 1986, provides in relevant part:

> ■ Apportionment of damages.—In cases to which this section applies, the court shall enter judgment against each party liable on the basis of such party's

---

1. Because the state court's judgment was entered pursuant to a settlement agreement between the Williamses and the state court defendants, we find that the judgment is analogous to a release. Therefore, we treat the offer of judgment, the acceptance, and the state court judgment as a release by the Williamses of the state court defendants, and we apply the Florida statutory and case law governing releases. We do not address the issue of the effect, if any, of the Florida release statutes on the discharge of liability by satisfaction of a judgment entered after a trial.

    Accordingly, we find that the holdings of two cases cited by Arai on appeal, *Roberts v. Rockwell Int'l Corp.,* 462 So.2d 502 (Fla.Dist.Ct.App. 1984), and *Walker v. U-Haul Co.,* 300 So.2d 289 (Fla.Dist.Ct.App.1974), *cert. denied,* 314 So.2d 588 (Fla.1975), are inapplicable to the instant case because they address post-trial satisfaction of judgment rather than release. We note also that both cases were decided before the Florida Tort Reform Act of 1986, which is applicable to the instant case. *See infra.*

2. Specifically, the Florida court denied the Williamses' motion for a summary judgment against the defendants' affirmative defense that "this action is subject to F.S. § 768.81, and Defendants are not jointly and severally liable for non-economic damages, nor for economic damages if Plaintiff is found more at fault than any Defendant." Defendants'/Third–Party Plaintiffs' Answer, Affirmative Defenses and Third–Party Complaint, *Williams v. Lopez,* No. 88–1638 CA 05 at 2 (March 17, 1988). In refusing to dismiss this affirmative defense, the court stated:

> The Plaintiff's Motion for Summary Judgment as to Affirmative Defense # 3 is denied, however, the Defendant, within 20 days, shall amend said Affirmative Defense # 3 and allege the ultimate facts which if proven would demonstrate how, but for the statute, he would be jointly and severally liable for all or portions of Plaintiff's injuries and damages; and how, in light of the statute, such damages would be otherwise apportioned.

*Williams v. Lopez,* No. 88–1638 CA 05 at 2 (October 11, 1988).

percentage of fault and not on the basis of the doctrine of joint and several liability; provided that with respect to any party whose percentage of fault equals or exceeds that of a particular claimant, the court shall enter judgment with respect to economic damages against that party on the basis of the doctrine of joint and several liability.

(4) Applicability.—

(a) This section applies to negligence cases. For purposes of this section, "negligence cases" includes, but is not limited to, civil actions for damages based upon theories of negligence, strict liability, products liability, professional malpractice whether couched in terms of contract or tort, or breach of warranty and like theories. In determining whether a case falls within the term "negligence cases," the court shall look to the substance of the action and not the conclusory terms used by the parties.

In other words, where a tortfeasor's fault is greater than or equal to that of the plaintiff's, such tortfeasor is jointly and severally liable for economic damages. However, where the tortfeasor's fault is less than that of the plaintiff's, such tortfeasor is only liable in economic damages for his percentage of fault.

No jury finding of the tortfeasors' relative percentages of negligence under § 768.81 occurred prior to the $1.5 million judgment. Thus, at the time of the parties' pre-judgment negotiations, it was unclear whether the state court defendants were jointly and severally liable, and therefore potentially liable for the whole of Williams' bodily injury, or independently liable, and therefore liable only for a percentage of the injury.

Nevertheless, the parties negotiated a release of the state court defendants with the

understanding that apportionment potentially applied under § 768.81, *i.e.* that the defendants were potentially liable only for the percentage of the injury based on their own fault. Furthermore, the state court defendants released Arai from third party joint tortfeasor liability after satisfaction of judgment, suggesting that the state court defendants did not believe they were entitled to contribution from Arai because they were not paying Arai's portion of the Williamses' injuries. In light of these two considerations, coupled with the plain meaning of Fla.Stat. §§ 46.015(1), 768.-041(1), and 768.31(5),[3] prohibiting the release of non-party tortfeasors, we reverse the grant of summary judgment in favor of Arai.

In holding to the contrary, the district court relied upon case law developed in the Florida district courts of appeal. *See Rucks v. Pushman*, 541 So.2d 673 (Fla. Dist.Ct.App.1989), *review denied*, 549 So.2d 1014 (Fla.1989); *McCutcheon v. Hertz Corp.*, 463 So.2d 1226 (Fla.Dist.Ct.App. 1985), *review denied*, 476 So.2d 674 (Fla. 1985). As noticed by the district court, those cases apparently ignored the above-mentioned Florida statutes. For several reasons, we conclude that reliance upon those cases is misplaced.

First, the *McCutcheon* case is distinguishable from the instant case. In that case, the Fifth District Court of Appeal found that it was *undisputed* that the settlement with the defendant tortfeasors compensated plaintiff for all damages caused both by the settling tortfeasors and the third-party defendant tortfeasor. *See also Raben Builders, Inc. v. First American Bank and Trust Co.*, 561 So.2d 1229 (Fla.Dist.Ct.App.1990), *review denied*, 576 So.2d 290 (Fla.1990) (involving ascertain-

---

**3.** Neither the parties on appeal nor the district court discuss the applicability of Fla.Stat. § 768.31 (1975) to this case. Section 768.31(5) addresses the release of nonparty tortfeasors in the contribution context:

When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:

(a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and (b) It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.

able money damages paid entirely by one tortfeasor).[4]

Second, we conclude that the district court's rationale was inconsistent with *Hurt v. Leatherby Ins. Co.*, 380 So.2d 432 (Fla.1980), and its progeny. In *Hurt*, the victim settled his personal injury suit and gave a release on a printed form with a designated blank space for the names of those specifically discharged. The release specifically named and discharged the parties to that suit, *i.e.*, the other car's driver, owner, and the owner's insurance company. Those names were written out in the blank space. Following the blank space, the printed form of the release continued, "and any other person, corporation, association or partnership, which might be charged with responsibilities for injury to the persons or property...." *Id.* at 433. The Supreme Court of Florida noted that Fla. Stat. §§ 768.041(1) and 768.31(5) had abrogated the common law rule that a release of one tortfeasor discharges all other tortfeasors who may be liable for that tort. The Court held that the legislature intended such releases to be construed on the basis of the intent of the parties:

> The common law rule was abolished in part to avoid imposing the harsh consequences of a general release upon often unsuspecting plaintiffs.... Florida has not gone to the other extreme of allowing discharge of only those specifically named.... Instead, our legislature has sought a middle ground based on the intent of the parties.

*Id.* at 434 (citations omitted). The Court held that a latent ambiguity was created by, on the one hand, the presence of the printed general language, and, on the other hand, the language written out in the blank space specifically discharging named parties. Accordingly, summary judgment was reversed, and the case was remanded to determine the factual issue of the intent of the parties. *Id.*

■ This court construed the opinion of the Supreme Court of Florida in *Hurt* as follows:

> The Florida Supreme Court has interpreted [Fla.Stat. § 768.041] to permit the release of *all* joint tortfeasors, but only if the terms of the agreement clearly express the releasing party's intent to do so, *Hurt v. Leatherby Insurance Co.*, 380 So.2d 432, 433 (Fla.1980), *and* extrinsic evidence does not prove otherwise. Indeed, if the agreement contains "all-inclusive language discharging all joint tortfeasors" which appears within a "general printed release," the non-settling joint tortfeasors cannot rely solely on the terms of the release as a defense. *Jowanowitch v. Florida Power & Light Co.*, 381 So.2d 750, 752 (Fla.Dist.Ct.App. 1980) (citing *Hurt v. Leatherby Insurance Co., supra*, 380 So.2d at 433). Extrinsic evidence of the contracting parties' intent must also support the defense....

*Menendez v. Perishable Distributors, Inc.*, 763 F.2d 1374, 1378 (11th Cir.1985). Thus, if the terms of the agreement do not clearly express an intent to release all joint tortfeasors *or* if extrinsic evidence proves an intent to limit the release, Florida case law holds under Fla.Stat. § 768.041 that the discharge of one tortfeasor does not discharge all tortfeasors.

**4.** *Tyler v. Ahmed,* 813 F.2d 1114 (11th Cir.1987), is similarly distinguishable. There also, it was undisputed that settlement of plaintiffs' claims included the damages caused by both the settling and non-settling joint tortfeasors.

We acknowledge that one case relied upon by Arai is not distinguishable in this manner. In *Rucks v. Pushman,* 541 So.2d 673 (Fla.Dist.Ct. App.1989), *review denied,* 549 So.2d 1014 (Fla. 1989), the Fifth District Court of Appeals applied the *McCutcheon* line of cases even where the record was unclear on the issue of whether the victim recovered in the settlement for all of the injuries or whether the victim recovered only the injuries caused by the settling tortfeasor. The *Rucks* case applied a presumption that the victim recovered from the settling tortfeasor for all injuries unless the release provides otherwise. Because *Rucks* is inconsistent with the Florida Supreme Court's binding decision in *Hurt v. Leatherby Ins. Co.,* 380 So.2d 432 (Fla. 1980), see discussion *infra,* we conclude that the district court's reliance upon *Rucks* was misplaced. We note also that *Rucks,* like *McCutcheon* and the other cases relied upon by Arai, ignored the Florida statutory provisions above discussed.

In *Jowanowitch v. Florida Power and Light Co.*, 381 So.2d 750 (Fla.Dist.Ct.App. 1980), the Fifth District Court of Appeal reversed summary judgment for a non-settling tortfeasor who was not named in either of two releases. The court held that the first release, containing a general release clause, created a latent ambiguity under *Hurt.* *Id.* at 752. Regarding the second release, from which "[t]here is conspicuously absent ... any general language releasing others not specifically named," the court stated:

> Mrs. Jowanowitch solely released the Halikmans and their insurer from liability for any damages which her daughter may have sustained. Assuming the Halikmans and their insurer to be so released, Florida Power and Light Company is not included by name or by the use of general language. Thus, this release had no effect on its liability, if any, for the daughter's damages.

*Id.* The court found that the language in both releases was insufficient to sustain a summary judgment in favor of the non-settling tortfeasor. *Id.*

The release at issue in the instant case is similar to the latter release in *Jowanowitch* : it did not mention Arai, the non-settling alleged tortfeasor, either directly or indirectly by a general release clause. In addition, this release is at least as ambiguous as the first release at issue in *Jowanowitch* and the one in *Hurt,* both of which included general release provisions.

In light of the foregoing cases and the Florida release statutes, we reverse the district court's grant of summary judgment in favor of Arai and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.