642 So.2d 833 (1994)
DEWITT EXCAVATING, INC., Appellant/Cross-Appellee,
v.
Clarence Frank WALTERS, Jr., et al., Appellees/Cross-Appellants.
No. 93-2213.
District Court of Appeal of Florida, Fifth District.
September 23, 1994.
Jennings L. Hurt, III and Kathleen S. Cumming of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for appellant/cross-appellee.
David C. Beers of Beers, Jack, Tudhope & Wyatt, P.A., Maitland, for appellees/cross-appellants.
GOSHORN, Judge.
Dewitt Excavating, Inc. appeals the final judgment in favor of plaintiffs below, Clarence Walters and his wife, Kimberly. Dewitt argues the court erred in denying its motion to dismiss the case for plaintiffs' failure to prosecute, and alternatively, the court erroneously calculated the amount of the damages. Only the contention concerning the damage award has merit.
Clarence Walters was involved in a car accident with Pramwattee Hashim in 1988. The accident was allegedly caused when a flagman employed by Dewitt negligently directed Hashim to make a left turn into the path of the oncoming Walters vehicle. Following trial, the jury returned a verdict finding Dewitt 25% negligent, Hashim 75% negligent and the Walters 0% negligent. The jury awarded Clarence Walters a total of $35,800 and gave Kimberly nothing on her loss of consortium claim. The jury verdict was as follows:

 Unpaid medical expenses $ 800
 Past pain and suffering $ 5,000
 Future pain and suffering $30,000
 Kimberly's loss of consortium $ -0-
 _______
 $35,800

The Walters filed a motion for new trial or, in the alternative, additur. The court granted the additur motion and awarded Kimberly *834 $1,000, but ordered a credit of $1,000 from the settlement of Kimberly with Hashim, effectively giving Kimberly nothing in the civil suit.[1] An additional $11.19 was added to Clarence's past medical expense award, in accordance with the evidence.
In determining the amount of damages to award, the court started with the noneconomic damages of $35,000 and subtracted $6,250 for the settlement, leaving a total of noneconomic damages after set-off of $28,750. The court made Dewitt liable for the first $25,000 and for 25% of the damages in excess of $25,000 ($937.50). The court added the economic damages of $811.19 to the noneconomic damages of $25,937.50 for a total award of $26,748.69. Dewitt asserts that the court's computation made Dewitt responsible for much more than its 25% share of the Walters' noneconomic damages, contrary to the plain language of section 768.81, Florida Statutes (1991).
Section 768.81(5) provides:
Notwithstanding the provisions of this section, the doctrine of joint and several liability applies to all actions in which the total amount of damages does not exceed $25,000.
The statute is clear that once the damages exceed $25,000, the doctrine of joint and several liability is inapplicable to the action. It does not provide that the doctrine applies to the first $25,000 in damages, as successfully urged below by the Walters.
The supreme court has provided guidance in determining the extent of a nonsettling defendant's liability for damages. In Fabre v. Marin, 623 So.2d 1182 (Fla. 1993), the court held that a defendant is responsible only for that portion of the noneconomic damages equivalent to the percentage of fault attributable to that defendant. In a footnote, the court provided examples of how to calculate the amount of damages:
3. Thus, we reject the argument that our interpretation of section 768.81(3) when coupled with the right to setoff under section 768.31(5) will lead to a double reduction in the amount of damages. This possibility may be avoided by applying the setoff contemplated by section 768.31(5) against the total damages (reduced by any comparative negligence of the plaintiff) rather than against the apportioned damages caused by a particular defendant. For example, suppose defendant A is released from the suit for a settlement of $60,000 and the case goes to trial against defendant B. The jury returns a verdict finding the plaintiff's comparative negligence to be 40%, the negligence of A and B to be 30% each, and the damages to be $300,000. Because the $60,000 setoff would not reduce the plaintiff's $180,000 to below $90,000, B would still have to pay the full $90,000 for his share of the liability. Of course, if the damages were found to be $150,000, the $60,000 from the settlement with A would be set off against the plaintiff's $90,000 recovery which would mean that B's obligation would be reduced from $45,000 to $30,000.
Id. at 1186 n. 3. In the typical negligence suit, footnote three requires that the following steps be taken to determine the damage award:
Step 1) Multiply each nonsettling defendant's percentage of liability by the noneconomic damages awarded by the jury to determine the amount each nonsettling defendant owes the plaintiff.
Step 2) If there has been a settlement, apply the same formula to determine the amount the settling defendant would have owed pursuant to the jury verdict.
A) If the amount settled for is less than the amount the settling defendant would have owed, the remaining defendants pay their amount owed without regard to the settlement.
B) If the amount settled for is greater than the amount the settling defendant would have owed, the remaining defendant(s) are entitled to have the amount they owe reduced proportionately.[2]
*835 Applying these equations to the instant case:

Step 1) 25% x $35,000 = $8,750 = amount Dewitt
 owes plaintiffs
 for noneconomic
 damages
Step 2) 75% x $35,000 = $26,250 = amount Hashim
 would have owed
 had he not settled

A) Hashim settled for $7,250, which is less than the amount Hashim would have owed the plaintiffs had he not settled. Dewitt is thus not entitled to any credit against what it owes the plaintiffs.
$8,750 plus $811.19 = $9,561.19 = total owed by Dewitt
This cause is remanded for entry of the damage award in accordance with this opinion.
REVERSED and REMANDED with INSTRUCTIONS.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] Kimberly settled with Hashim for $1,000 and Clarence settled for $6,250.
[2] The amount each nonsettling defendant is entitled to have credited against what he owes is determined by dividing the percentage each respective nonsettling defendant was at fault by the total of the percentages of fault of all nonsettling defendants and multiplying that quotient by the amount the settling defendant paid in excess of the amount the settling defendant would have owed but for the settlement.