682 So.2d 1147 (1996)
Phillip CODY and Cynthia Cody, Appellants,
v.
Michael KERNAGHAN and Joan Kernaghan, his wife, individually, and as parents and natural guardians of David Kernaghan, a minor, Appellees.
No. 94-2541.
District Court of Appeal of Florida, Fourth District.
October 16, 1996.
Rehearing and Rehearing Denied November 26, 1996.
*1148 Elizabeth M. Rodriguez of Kubicki Draper, Miami, for appellants.
Steven L. Robbins of DeSantis, Gaskill & Hunston, North Palm Beach, for appellees.
Rehearing and Rehearing En Banc Denied November 26, 1996.
SHAHOOD, Judge.
David Kernaghan, a minor child, was injured on a trampoline while attending a birthday party at the home of appellants/defendants, Phillip and Cynthia Cody. His parents, appellees/plaintiffs, Michael and Joan Kernaghan, sued the Codys for negligence and negligent supervision.
Following trial, the jury found the Codys to be sixty-five percent (65%) negligent and David Kernaghan to be thirty-five percent (35%) negligent. The jury, without any reduction in the amount of damages for plaintiffs' comparative negligence, found the plaintiffs' damages to be:

Past medical expenses: $23,110.60
Future medical expenses: $ 7,000.00
Joan Kernaghan's lost wages: $ 3,100.00
Non-economic damages representing
pain and suffering: $ 5,100.00

Based upon the jury's determination of comparative negligence, the trial court reduced the jury's award for pain and suffering by thirty-five percent (35%) from $5,100.00 to $3,315.00. The trial court, however, refused to reduce the remaining economic damages by plaintiff David Kernaghan's comparative fault. The trial court reasoned that under Florida law, there was to be no reduction of economic damages for comparative negligence because defendants' comparative fault exceeded plaintiffs' fault. Finding this to be error, we reverse and remand.
The theory of comparative negligence was adopted in Florida in Hoffman v. Jones, 280 So.2d 431 (Fla.1973). Under this doctrine, if both the plaintiff and defendant are at fault, the plaintiff can still recover, but his or her recovery is limited to the proportion of damages proximately caused by the defendant's negligence. The plaintiff's recovery is reduced by his or her percentage of fault. Id.
In 1986, the Legislature codified the doctrine of comparative negligence. Section 768.81, Florida Statutes (1993), provides in relevant part:
(1) Definition.As used in this section, "economic damages" means past lost income and future lost income reduced to present value; medical and funeral expenses; lost support and services; replacement value of lost personal property; loss of appraisal fair market value of real property; costs of construction repairs, including labor, overhead, and profit; and any other economic loss which would not have occurred but for the injury giving rise to the cause of action.
(2) Effect of contributory fault.In an action to which this section applies, any contributory fault chargeable to the claimant diminishes proportionately the amount awarded as economic and noneconomic damages for an injury attributable to the claimant's contributory fault, but does not bar recovery.
(3) Apportionment of damages.In cases to which this section applies, the court shall enter judgment against each party liable on the basis of the doctrine of joint and several liability; provided that with respect to any party whose percentage of fault equals or exceeds that of a particular claimant, the court shall enter judgment with respect to economic damages against that party on the basis of the doctrine of joint and several liability.
(emphasis added).
In refusing to reduce the economic damages award, the trial court misinterpreted section 768.81 and the supreme court's holding in Fabre v. Marin, 623 So.2d 1182 (Fla.1993), receded from in part on other grounds, Wells v. Tallahassee Memorial Regional *1149 Medical Center, Inc., 659 So.2d 249 (Fla.1995). It concluded that the doctrine of comparative negligence did not apply to economic damages where the defendants' negligence exceeded the negligence attributable to the plaintiffs.
Neither section 768.81 nor Fabre, however, supports the result in this case. Reading all subsections of section 768.81 in pari materia, the doctrine of comparative negligence must be applied to reduce both economic and noneconomic damages by the percentage of fault which can be attributed to the plaintiff. See § 768.81(2), Fla. Stat. (1993). As to the reduced damages, where there are two or more defendants, each defendant will be jointly and severally liable; provided that joint and several liability for economic damages will be imposed only if each defendant's comparative fault exceeds the fault attributable to the plaintiff. See § 768.81(3), Fla. Stat. (1993). Applying section 768.81 to the case at bar, the entire damages award, including economic and non-economic damages, should have been reduced by the percentage of fault attributable to David Kernaghan and then joint and several liability should have been imposed against the Codys for the Kernaghans' reduced damages.
The supreme court's holding in Fabre does not mandate a different result. Fabre, which did not involve any comparative negligence by the plaintiff, merely states that fault should be apportioned between all entities who contributed to the ultimate result, whether or not each responsible entity was party to the litigation. Consistent with this holding and section 768.81(2), the Kernaghans must also bear their percentage of fault and thus, both economic and non-economic damages should have been reduced by thirty-five percent.
Reversed and remanded with directions to enter final judgment consistent with this opinion.
WARNER, J., and SORONDO, RODOLFO, Jr., Associate Judge, concur.