698 So.2d 291 (1997)
METROPOLITAN DADE COUNTY, Appellant,
v.
Jesumene FREDERIC, et al., Appellees.
Nos. 96-2793, 96-503.
District Court of Appeal of Florida, Third District.
July 9, 1997.
Rehearing Denied September 10, 1997.
*292 Robert A. Ginsburg, County Attorney, and Eric K. Gressman, Assistant County Attorney, for appellant.
Chikovsky, Ben & Schafer and Keith Schafer, Hollywood, for appellees.
Before LEVY, FLETCHER and SHEVIN, JJ.
SHEVIN, Judge.
Metropolitan Dade County appeals a final judgment and orders taxing costs and denying post-trial motions. We affirm in part, and reverse in part.
Theresias Frederic was fatally injured when the Metrolimo, Inc., vehicle he was riding in was rear-ended by a Metro-Dade Police cruiser. Frederic was not wearing a seatbelt. Frederic's estate and survivors, his widow and six children, filed a wrongful death action against the County and Metrolimo. Metrolimo settled with the plaintiffs for $25,000. The jury awarded plaintiffs damages, found the County 17.5% at fault, and Frederic 55% at fault for failure to use the seatbelt.
The court entered judgment against the County for $174,536, holding the County jointly and severally liable for the damages. The County appealed. The County later appealed a costs judgment. The appeals were consolidated.
The County raises several arguments in support of reversal. We find merit in the arguments challenging the propriety of the damages calculations. As a threshold consideration, the County is not entitled to an automatic reduction of the awards to $100,000. See § 768.28, Fla.Stat. (1989) (judgment may be claimed and rendered in excess of statutory limits); Berek v. Metropolitan Dade County, 422 So.2d 838 (Fla. 1982); South Broward Topeekeegeeyugnee Park Dist. v. Martin, 564 So.2d 1265 (Fla. 4th DCA 1990), review denied, 576 So.2d 291 (Fla.1991). However, in this case, the County correctly asserts that it may not be held jointly and severally liable for economic or noneconomic damages.
Florida law only permits joint and several liability under the limited circumstances set forth by statute. § 768.81(3), (4), (5), Fla. Stat. (1995). See Conley v. Boyle Drug Co., 570 So.2d 275 (Fla.1990). Contrary to the trial court's conclusion, this case does not fall within those enumerated exceptions. Under section 768.81(3), Florida Statutes (1995), "joint and several liability for economic damages will be imposed only if each defendant's comparative fault exceeds the fault attributable to the plaintiff." Cody v. Kernaghan, 682 So.2d 1147, 1149 (Fla. 4th DCA 1996). Accord Conley; Williams v. Arai Hirotake, Ltd., 931 F.2d 755 (11th Cir. 1991). Here, the County's percentage of fault was less than the plaintiff's. The County cannot be held jointly and severally liable for the economic damages.
Additionally, the County cannot be held jointly and severally liable for the noneconomic damages because this is not an action where "the total amount of damages does not exceed $25,000." § 768.81(5), Fla. Stat. (1995) (emphasis added). See Conley; Smith v. Department of Ins., 507 So.2d 1080 (Fla.1987); Dewitt Excavating, Inc. v. Walters, 642 So.2d 833 (Fla. 5th DCA 1994). In this case, the damages awarded exceed $25,000.
The last matter to be addressed is the $25,000 Metrolimo settlement. Following the guidelines announced in Wells v. Tallahassee Mem'l Reg'l Med. Ctr., 659 So.2d 249 (Fla.1995), we hold that the County is not entitled to a setoff based on the settlement. Wells specifies that "setoff provisions do not apply to noneconomic damages for which defendants are only severally liable[,]" Wells, 659 So.2d at 253, and setoffs are only applicable to economic damages where the parties are "subject to joint and several liability." Id. The County is not jointly and severally liable for economic or noneconomic damages, hence it is not entitled to a setoff for the settlement.
Based on the foregoing, the awards against the County should be computed as follows: The damages awarded to the estate ($60,302) *293 should be reduced to the 17.5% negligence the jury attributed to the County. This leads to a total of $10,552.85. The damages awarded to the widow are $133,280. After reduction to 17.5%, the County is responsible for $23,324. As for the five children who were each awarded damages of $50,000, the County is responsible for 17.5% thereof for a total of $8,750 for each child. The sixth child was awarded $20,000 in damages, of which the County is responsible for $3,500, representing 17.5% of the jury's award.
We affirm the judgment of liability against the County, and affirm the costs judgment, see Berek, 422 So.2d at 840, we reverse the damage awards and remand for entry of damage awards consistent with this opinion.
Remaining points lack merit.
Affirmed in part; reversed in part and remanded.