786 So.2d 18 (2001)
CARNIVAL CRUISE LINES, INC., Appellant,
v.
Diana LEVALLEY, et al., Appellees.
Nos. 3D99-232, 3D99-497.
District Court of Appeal of Florida, Third District.
April 11, 2001.
Rehearing Denied June 13, 2001.
Hicks, Anderson & Kneale and David J. Maher, Miami; Keller & Houck, Miami; Kaye, Rose, Miami, for appellant.
*19 Waks & Barnett, Miami; Russo Parrish, Miami and Stuart B. Yanofsky, Sunrise; William J. Turbeville, II, Boca Raton, for appellees.
Before SCHWARTZ, C.J., and GERSTEN and GODERICH, JJ.
SCHWARTZ, Chief Judge.
While Diana Levalley was on a Carnival Line cruise in May, 1992, she was severely injured during a scuba class conducted under the line's auspices on Grand Cayman Island. Mrs. Levalley and her husband sued the dive instructor, Maggie Soper, for negligence in failing to adequately instruct or supervise her, and Carnival, both for Soper's negligence and for the failure of other employees, Blum and Samms, to investigate, supervise and employ competent personnel (including Soper) to conduct the scuba program. The Levalleys settled their claim against Soper individually for $561,360.00, and the case went to the jury against the cruise line specifically based only on its alleged vicarious liability for the negligence of Blum and Samms. The jury found that Levalley had sustained $1,000,000.00 in damages and assessed the percentage of fault at 33% for Mrs. Levalley's comparative negligence, 33% for Carnival's "non-Soper" negligence and 34% attributable to Soper, who appeared on the verdict form as a Fabre defendant. The trial judge then granted Levalley's motion for partial directed verdict that no comparative negligence had been demonstrated as a matter of law, "transferred" Lavalley's 33% share to Carnival, denied any setoff for Soper's $561,360.00 settlement, and accordingly entered a $660,000.00 judgment for the Levalleys from which Carnival now appeals. We find as follows:
1. A new trial on all liability issues is required because of the trial judge's peremptory instruction that an asthmatic condition from which Levalley suffered prior to the dive was not a causative factor in the accident, and his exclusion of proffered expert testimony to the contrary. It is clear that evidence the plaintiff falsely concealed that condition from Soper and Carnival, that she would not have been permitted to participate had she truthfully revealed it, and that she dove notwithstanding her knowledge that it was dangerous for an asthmatic to do so were all directly relevant to the issues of the legal causation of the accident and, even more obviously, of her comparative negligence. See Metropolitan Dade Co. v. St. Claire, 445 So.2d 614 (Fla. 3d DCA 1984)(expert testimony should have been admitted as relevant to plaintiff's contributory negligence in suit for negligence). The same is true of proffered expert testimony that such a condition significantly increased the chances of causing a panicked reaction to a diving mishap, such as the one to which Mrs. Levalley herself testified, and which, a jury could undoubtedly find, contributed to her injuries. Haas v. Zaccaria, 659 So.2d 1130 (Fla. 4th DCA 1995)(new trial ordered where defendants precluded from offering admissible expert testimony as to possibility of cause of plaintiff's injury), review denied, 669 So.2d 253 (Fla.1996); State Farm Mut. Auto. Ins. Co. v. Roth, 552 So.2d 332 (Fla. 4th DCA 1989)(trial court improperly excluded evidence of plaintiff's medical history related to the issue of causation of plaintiff's injury). While we find no reason for re-trying the damages issue, see Delva v. Value Rent-A-Car, 693 So.2d 574 (Fla. 3d DCA 1997); D.R. Mead & Co. v. Cheshire, Inc., 489 So.2d 830 (Fla. 3d DCA 1986), these rulings[1] require a new trial on *20 all liability issues: Carnival's negligence, Soper's Fabre negligence, comparative negligence and legal causation.
2. We also hold, although it is not strictly necessary to do so in the light of our previous ruling, that, even on the evidence and under the instructions actually given the jury, it could properly have found Levalley comparatively negligent both in failing to follow the instructions given her before the accident, and in failing properly to protect herself against the risks of diving about which she had been warned. See generally Ashcroft v. Calder Race Course, Inc., 492 So.2d 1309 (Fla. 1986); Blackburn v. Dorta, 348 So.2d 287 (Fla.1977). The trial court therefore incorrectly struck the jury's 33% comparative negligence finding, and compounded that error by arbitrarily assigning that "share" only to Carnival. We can discern no legal basis for the latter ruling.
3. Finally, we treat the effect of the Soper settlement. Because the case went to the jury under specific instructions that Carnival's liability could be based only on the negligence of other employees, it is apparent that, notwithstanding her legal status as an agent of Carnival for whose negligence it would ordinarily be liable, she was considered in this case as a run-of-the-mill third party tortfeasor, for whom Carnival was not vicariously responsible. It follows that Soper was correctly treated simply as a Fabre party whose name properly appears on the verdict form to apportion fault.
For that reason as well, in the event of any judgment against Carnival, the Soper settlement should be set off proportionally under Wells v. Tallahassee Memorial Regional Medical Center, Inc., 659 So.2d 249 (Fla.1995). See also Metropolitan Dade County v. Frederic, 698 So.2d 291 (Fla. 3d DCA 1997), appeal denied, 705 So.2d 9 (Fla.1997). It should neither be treated as a complete setoff, as Carnival argues, nor totally disregarded, as the trial court erroneously determined. See Wells, 659 So.2d at 249; McDermott Inc. v. AmClyde, 511 U.S. 202, 114 S.Ct. 1461, 128 L.Ed.2d 148 (1994)(non-settling defendants' liability should be calculated with reference to the jury's allocation of proportionate responsibility and not by credit in the amount of settlement); Central State Transit & Leasing Corp. v. Jones Boat Yard, Inc., 206 F.3d 1373 (11th Cir.2000) (same). Compare J.R. Brooks & Son, Inc. v. Quiroz, 707 So.2d 861 (Fla. 3d DCA 1998)(nonsettling defendant entitled to set off in amount of settlement where liability was purely vicarious).
The judgment against Carnival is reversed as to all issues of liability only and for further proceedings in accordance with this opinion.
Reversed and remanded with directions.
NOTES
[1] The trial judge's rulings were based on the fact that there was no evidence that Levalley had sustained an actual asthma attack during the dive. While this conclusion was probably correct, it has nothing to do with the pertinence of the condition itself to vital issues in the case.